IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEY J. HICKS,

                Petitioner,            OPINION AND ORDER

      v.                                   09-cv-0425-bbc

LINDA THOMAS, Warden,
Metropolitan Correctional Center,

                Respondent.

---

     This habeas corpus action was transferred to this court by the United States District Court for the Northern District of Illinois. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

     The following facts are drawn from the petition and its attachments, additional documents filed by petitioner and court records available electronically. (Citations to the record are to the record from the Northern District of Illinois.)

FACTS

     In early 2006, petitioner was facing charges in three cases in the Circuit Court for Adams County. In 05CF078, he was charged with theft as a Class H felony and misdemeanor bail jumping. In 05CF741, he was charged with possessing a live wild animal. In 06CF19, he was charged with five counts of second degree recklessly endangering safety,

disorderly conduct--domestic abuse, criminal damage to property and felony bail jumping. Feb. 22, 2006 letter from district attorney to defense counsel, attached to pet., dkt. #1, App. #1.

On March 10, 2006, petitioner reviewed a plea questionnaire with his lawyer. The questionnaire indicated that the parties had reached a plea agreement, in which petitioner would plead guilty to theft as a class H felony. (In Wisconsin, charges of theft are classified depending on the value of the property stolen. A value between $5,000 and $10,000 is a class H felony. Wis. Stat. § 943.20(3)(bm).) In exchange, the state agreed to dismiss the misdemeanor bail jumping and possession of a live animal charges, dismiss and read in the domestic disorderly conduct and felony bail jumping charges and not prosecute the charges of recklessly endangering safety and criminal damage to property. This agreement was set forth on the plea questionnaire.

Attached to the plea questionnaire was a form setting forth the elements of theft and indicating that the theft in petitioner's case was a class H felony. Petitioner checked boxes or placed his initials on the plea questionnaire indicating that he understood the constitutional rights he was giving up by entering a plea; the judge was not bound by the plea agreement; he was facing a sentence of up to six years' imprisonment; and he was entering the plea of his own free will, with no threats or promises having been made. Petitioner signed the form indicating that he had reviewed the entire form with his attorney and understood it. Plea Questionnaire/Waiver of Rights Form, attached to pet., dkt. #1.

On March 10, 2006, petitioner entered his plea in the Circuit Court for Adams County. At the plea hearing, the following exchange took place:

> THE COURT: Count 1 of [the] information charges you with theft of moveable property. Property belonging to the Union Pacific Railroad having a value greater than $5,000 but less than $10,000 contrary to Section 943.21(a) and 3(bm) of the statutes. Do you understand the nature of that charge, Mr. Hicks?
>
> THE DEFENDANT: Yes.
>
> THE COURT: That is a Class H felony. You're advised that upon conviction you could be fined not more than $10,000, put in prison for not more than six years or both. Do you understand the maximum penalty that could be imposed if you were convicted of this offense?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And how do you plead to that charge?
>
> THE DEFENDANT: Guilty.

Tr. of Plea Hearing, attached to pet., dkt. #1, app. #3.

On August 4, 2006, the circuit court sentenced petitioner to three years in prison followed by three years' extended supervision. In addition, petitioner was ordered to pay restitution to two victims: Union Pacific Railroad, from whom the rail was stolen, and Lawent Iron and Metal, who had purchased stolen rail from petitioner. The total amount of restitution petitioner was ordered to pay was $3,735.15. Attachments to Pet. for Court to Take Judicial Notice, dkt. #7. (It is unclear whether petitioner stipulated to the amount of restitution owed or whether the court held a hearing on the matter.)

Petitioner filed a notice of his intent to seek post conviction relief. A new lawyer was appointed to represent petitioner on appeal. She filed a no-merit report, to which petitioner responded. On January 18, 2008, the Wisconsin Court of Appeals rejected the no-merit report, dismissed the appeal without prejudice, granted petitioner 45 days in which to file a post conviction motion and remanded the case to the circuit court, after finding that remand was required because it was impossible to tell from the transcript whether the trial court had complied with its mandatory duty to consider the available sentencing guidelines. State v. Hicks, 2007AP1058-CRNM (Ct. App. Jan. 18, 2008). Petitioner filed a motion for reconsideration, arguing that the court had failed to address several issues. The appellate court denied the motion, explaining that its decision "did not address all potential issues because we remanded for additional proceedings." Id. The court directed petitioner to bring to his lawyer's attention "any issues he believes should be raised." Id.

On January 28, 2008, petitioner filed a post conviction motion to vacate his sentence. The circuit court denied the motion on February 12, 2008. Petitioner's lawyer filed a no-merit appeal from that order.

Meanwhile, petitioner filed a petition for a writ of habeas corpus in this court. Hicks v. Deppisch, 08-cv-497-bbc. On September 4, 2008, I entered an order dismissing the petition without prejudice on the ground that petitioner had not yet exhausted his state court remedies because the state appellate court had not yet decided the pending appeal. Order, dkt. #2, at 3-4. I informed petitioner that he could file a new petition for relief after

4

exhausting his state court remedies, which included filing a petition for review with the Wisconsin Supreme Court.

On November 18, 2008, the Wisconsin Court of Appeals issued an order summarily affirming the judgment of conviction and relieving petitioner's lawyer of any further duty to represent petitioner. Wisconsin Supreme Court and Court of Appeals Case Access for Appeal Number 2008AP00739-CRNM, available at http://wscca.wicourts.gov (visited July 21, 2009). Apparently, however, petitioner did not file a petition for review in the Wisconsin Supreme Court.

On April 27, 2009, petitioner filed the instant petition in the United States District Court for the Northern District of Illinois. Petitioner is in federal custody in that district, at the Metropolitan Correctional Center in Chicago. In the petition's caption, he indicated that he was filing it "pursuant to Article 1, Section 9, Clause 2 of the United States Constitution, 28 U.S.C. § 2241(c) & (3), and 28 U.S.C. § 2254(a) or 28 U.S.C. § 1651(a) or any part of the All Writs Act that may secure the interest of justice." He alleged that his federal supervision had been revoked as a result of an unlawful conviction in the Circuit Court for Adams County, Wisconsin, of one count of theft of movable property. Because petitioner was challenging the judgment of a state court in Adams County and not a federal judgment, the district court determined that the petition was governed by 28 U.S.C. § 2254, and further, that the case should be transferred to this court under § 2241(d) because the

5

court of conviction is located in this district.  U.S. ex rel. Joey James Hicks v. Linda Thomas, 09-cv-2552 (Manning, J.).

OPINION

Petitioner alleges generally that his conviction is in violation of his right to due process as guaranteed by the Fifth and Fourteenth Amendments and his Sixth Amendment right to the effective assistance of counsel.  More specifically, petitioner asserts the following claims:

   1) Petitioner entered a plea to a Class D forfeiture, not a class H felony;

   2) The state "unlawfully added a sum of money" to the theft from Union Pacific railroad without charging the offense by information or complaint;

   3) The state and circuit court lacked jurisdiction to charge an offense that was more than 60 miles outside its jurisdiction;

   4) The state and circuit court lacked jurisdiction to read in the domestic disorderly conduct charge because petitioner was not charged until more than two weeks after his arrest, in violation of state law;

   5) The value of the rail stolen from Union Pacific Railroad was "reported at $1,562.10," which is a Class A misdemeanor and not a Class H felony; and

   6) Petitioner has never been charged with any offense in Fond du Lac County, which is where Lawent Iron and Metal is located.

(In claims 7 and 8, petitioner asserts that this court erred in dismissing his previous petition for failure to exhaust his state court remedies.  These are not independent grounds for relief, but are arguments in support of petitioner's claim that he has satisfied the exhaustion

requirement. Because they do not provide an independent basis for habeas relief, I have disregarded them. Further, because I am dismissing the petition on the merits, I do not address the exhaustion requirement. 28 U.S.C. § 2254(b)(2).)

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. "An alternative formulation of this basic principle is that a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254 or § 2255." Washington v. Smith, -- F.3d --, 2009 Wl 1260371,*1 (7th Cir. May 8, 2009). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily, without requiring the state to respond, if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

Such is the case with the instant petition. Petitioner's first claim, that he really entered a plea to a Class D forfeiture, is supported only by what is plainly a typographical error in the transcript of the plea hearing. The transcript reflects that the statute to which petitioner pleaded guilty was "Wis. Stat. § 943.21(a) and 3(bm)." Wis. Stat. § 943.21(1m)(a) (there is no § 943.21(a)) makes it a crime to leave a campground, hotel,

motel, restaurant or similar establishment without paying for food, lodging or other services received (i.e. "dine and dash"), and subsection (bm) of that statute specifies that the penalty is a Class D forfeiture. However, petitioner presents no other evidence, apart from this sole citation in the transcript, to suggest that he was ever charged with this crime, much less that he entered a plea to it. To the contrary, the remainder of the plea hearing transcript and the other documents that petitioner has attached to his petition, including the plea questionnaire, show that petitioner and the court understood that he was pleading guilty to having stolen rail from the Union Pacific Railroad, in violation of Wis. Stat. § 943.20(a), and not to committing fraud on a hotel keeper. Petitioner cannot manufacture a constitutional violation out of what was either a misstatement by the trial court or a transcription error that had no effect on the voluntariness of petitioner's plea. In a word, claim 1 is frivolous.

In claim 4, petitioner alleges that the Adams County District Attorney failed to charge him with disorderly conduct-domestic abuse until more than two weeks after petitioner's arrest for that crime, in violation of Wis. Stat. § 968.075. Petitioner contends that by failing to charge him within two weeks, the prosecution was void at the outset, violating his rights to due process. This claim has no merit. Wis. Stat. § 968.075(7)(b) provides that the district attorney's office shall develop a policy to insure that charging decisions are made no more than two weeks after the district attorney has received notice of an incident of domestic abuse. Nothing in this statute suggests that a prosecution initiated more than two

weeks after the district attorney is notified is void.  In any case, a mere error of state law is not a denial of due process.  <u>Rivera v. Illinois</u>, -- U.S. --, 129 S. Ct. 1446, 1454 (2009) (quoting <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)).

Claims 2, 3, 5 and 6 are all variations on the same theme.  Petitioner objects to the inclusion of rail allegedly "stolen" from Lawent Iron and Metal, an iron yard located in Fond du Lac County, when petitioner was charged only with stealing rail from Union Pacific railroad.  According to petitioner, the district attorney in Adams County lacked jurisdiction to prosecute petitioner for the alleged theft of rail from a yard in another county and in any case, could not seek recovery for this theft without bringing a separate charge against petitioner.  As with petitioner's first claim, this claim rests on a misstatement of the facts.  Documents attached to the petition and to his petition for "judicial notice," dkt. #7, show that petitioner was not charged with stealing rail from Lawent Iron and Metal.  Petitioner was charged only with having stolen 30 pieces of rail from Union Pacific.  Apparently, petitioner sold that rail to Lawent, which returned some of the rail to Union Pacific once it was discovered that it had been stolen.  Accordingly, as part of its restitution order, the court ordered petitioner to pay back to Lawent the money it had paid to petitioner for what turned out to be stolen rail.

Contrary to petitioner's contention, there was nothing improper about ordering petitioner to pay restitution to Lawent.  Under the restitution statute, Wis. Stat. § 973.20, the court must order the defendant to pay restitution to "any victim of a crime considered

at sentencing," unless the court finds substantial reason not to do so and states the reasons on the record. Wis. Stat. § 973.20(1r). The statute does not limit "victims" to those located within the county of conviction, but allows restitution to be made to "any victim." To be entitled to restitution, the victim must show that the defendant's criminal activity was a substantial factor in causing damage. State v. Ross, 2003 WI App 27, ¶54, 260 Wis. 2d 291, 321, 659 N.W. 2d 122. In Ross, 2003 WI App 27, ¶56, 260 Wis. 2d at 322, 659 N.W. 2d at 137, the court found that the defendant's pattern of racketeering and fraudulent securities activities caused out-of-state investors to invest in his enterprise, and thus a nexus existed between the crimes and the losses to out-of-state victims that was sufficient to warrant a restitution award. Ross makes clear that a victim need not be located in the county in which the crime was committed.

In any case, to the extent that petitioner is challenging the propriety of the restitution order, he cannot obtain relief under § 2254, which is limited to challenges to custody. Smith, -- F.3d --, 2009 WL 1260317, *1 (7th Cir. May 8, 2009) (finding that petitioner's attack on his lawyer's handling of restitution amount failed to state cognizable claim for relief under § 2254). Although petitioner attempts to use information adduced at the restitution hearing to argue that he should have been convicted of a lesser crime and thereby received a lighter sentence, this attempt is futile. His argument rests on the flawed premise that the amount of restitution ordered equals the "value" of the property stolen. Although that may be true in some cases, it is not true in all cases, as petitioner's case illustrates.

Petitioner was found to have stolen pieces of rail worth $5,335.20. Of this amount, Union Pacific recovered $3,404.10. Thus, the amount petitioner was ordered to pay to make Union Pacific whole was far less than $5,000. This does not alter the fact that petitioner stole more than $5,000 worth of property from Union Pacific.

Finally, to the extent petitioner makes various arguments contesting the amount of rail he was alleged to have stolen, he waived his right to make such arguments when he entered his guilty plea. Petitioner presents no evidence to call into dispute the statements he made at the plea hearing and on the plea questionnaire, which indicate that he was aware that he was pleading guilty to stealing more than $5,000 worth of rail from Union Pacific and that he was entering his plea voluntarily. Absent any plausible facts to suggest that his plea was not entered knowingly and intelligently, petitioner is bound by his plea. <u>Gomez v. Berge</u>, 434 F.3d 940, 942-43 (7th Cir. 2006) (guilty plea forecloses opportunity to contest any constitutional violations that occurred before plea was entered).

In sum, petitioner's claims rest on legal theories that plainly have no merit. Accordingly, the petition must be dismissed. This conclusion makes it unnecessary to address his requests for the appointment of counsel and for an evidentiary hearing.

ORDER

IT IS ORDERED that the petition of Joey J. Hicks is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 23rd day of July, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge